UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61464-STRAUSS

JULIO DOE,

    Plaintiff,

v.

KYLE EICHER, *et al.*,

    Defendants.

_____/

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Proceed Under Pseudonym [DE 5] ("Motion"). The Court will deny the Motion.

As an initial matter, the Motion is not signed by Plaintiff.[1] *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number.").

At any rate, the Motion fails to show that allowing Plaintiff to proceed under a pseudonym is warranted. "'Generally, parties to a lawsuit must identify themselves' in the pleadings." *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). "Federal Rule of Civil Procedure 10(a) requires that 'every pleading' in federal court 'must name all the parties.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting Fed. R. Civ. P. 10(a)). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities

---

[1] The Motion is only one page. It is unclear whether Plaintiff intended to submit additional pages with the Motion.

of the parties." *Id.* (quoting *Frank*, 951 F.2d at 322). "This creates a strong presumption in favor of parties proceeding in their own names. Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Id.* (citation omitted).

"Yet the rule is not absolute. A party may proceed anonymously in federal court by establishing 'a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *In re Chiquita Brands*, 965 F.3d at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16). But the foregoing exception is narrow; parties may only use fictitious names in exceptional cases. *Id.* "In evaluating whether a plaintiff has shown that he has such a right, the court 'should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Plaintiff B*, 631 F.3d at 1316 (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has explained that the first step of the requisite inquiry is to consider three factors: (1) whether the party seeking anonymity "is challenging government activity"; (2) whether the party "would be compelled, absent anonymity, to disclose information of utmost intimacy"; and (3) whether the party "would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita Brands*, 965 F.3d at 1247 (citing *Plaintiff B*, 631 F.3d at 1316). Ultimately, though, "whether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question." *Id.* at 1247 n.5. In addition to the above-mentioned factors, "[o]ther factors to consider include whether the party seeking anonymity is a minor or faces a real threat of physical harm

2

absent anonymity" and "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* at 1247 (citations omitted).

Here, Plaintiff requests "leave to proceed under pseudonym to protect [his] identity from public disclosure while [he] pursue[s] [his] right to file a complaint for civil rights violations under 42 U.S.C. § 1983." [DE 5]. Plaintiff states that he received a full pardon a few years ago, that he was never charged with a DUI or firearm violation prior to receiving a pardon, and that he was falsely charged with BUI by the Defendant(s) in this case. Plaintiff indicates he wants to proceed anonymously because he does not want to be associated with false BUI charges, "which can result in a bad light and harassment from law enforcement." *Id.* Plaintiff then states, in a conclusory manner, that his "fears of this very real threat and harassment, even violence, weighs in favor of proceeding under pseudonyms."

Ultimately, none of the facts alleged in the Complaint or set forth in the Motion come close to establishing "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *In re Chiquita Brands*, 965 F.3d at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16). Therefore, it is **ORDERED and ADJUDGED** that the Motion [DE 5] is **DENIED**. By **August 5, 2025**, Plaintiff shall file an amended complaint containing Plaintiff's identity. Failure to do so may result in dismissal without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of July 2025.

Jared M. Strauss
United States Magistrate Judge

3